**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF IOWA**

| | | | |
|---|---|---|---|
| IN RE: | ) | | |
| | ) | **Chapter 13** | |
| **TARA M. MURCHEK,** | ) | | |
| | ) | **Bankruptcy No. 11-02604** | |
| Debtor. | ) | | |

**RULING ON TRUSTEE'S OBJECTIONS TO CONFIRMATION OF
CHAPTER 13 PLAN**

This matter came before the Court on the Trustee's objections to Debtor
Tara M. Murchek's Chapter 13 Plan.  The Court held a confirmation hearing.
Derek Hong represented Debtor.  Chapter 13 Trustee Carol Dunbar argued on her
own behalf.  Trustee objects to language in the Plan limiting payment of projected
disposable income into the Plan.  After hearing the parties' arguments, the Court
took the matter under advisement.

In addition to this case, a number of other Chapter 13 Plans are also awaiting
confirmation pending resolution of this projected disposable income issue.  During
the confirmation hearings in some of those cases, the Court heard additional
argument by the same attorneys and by Attorney Janet Hong representing several
other debtors.  This is a core proceeding under 28 U.S.C. § 157(b)(2)(L).

## STATEMENT OF THE CASE

Trustee objects to confirmation of the Chapter 13 Plan because it includes language stating that tax refunds and/or bonuses received over the course of the Plan are not projected disposable income payable to the Trustee. Debtor's counsel asserts this language is consistent with 11 U.S.C. § 1325(b)(1)(B), along with this Court's interpretation of that section in In re Grier, 464 B.R. 839 (Bankr. N.D. Iowa 2011), discussing the Supreme Court's holding in Hamilton v. Lanning, 130 S. Ct. 2464 (2010). Trustee disagrees, arguing the language prevents her from pursuing projectable disposable income that is not committed in Debtor's Plan. Trustee argues this outcome was not contemplated by Hamilton or In re Grier.

The Court concludes that post-petition tax refunds generally should be treated as projected disposable income subject to distribution in a debtor's Chapter 13 plan. For the reasons that following, the Court finds that the current Plan and other plans currently pending before the Court with similar – if not identical – language, cannot be confirmed.

## BACKGROUND

Debtor Tara Murchek has filed a Chapter 13 Plan and Modified Plan. Debtor has unsecured, nonpriority debt totaling $59,591.45. Debtor commits to pay $117.00 for one month and $98.00 for the remaining thirty-five months of the Modified Plan. Debtor's Modified Plan results in payment of 1% of unsecured,

nonpriority claims.  Trustee objects to Paragraph 13 of that Plan which states in

part:

> Debtor(s) agree(s) to comply with 11 U.S.C. 1325(b)(1)(B) by submitting 100% of projected disposable income in the plan for the benefit of creditors.  **The payments indicated in paragraph 1 of the plan reflect all projected disposable income.  Debtor(s) do not know of, and are not virtually certain of, any tax refunds, bonuses, stimulus payments, or other extraordinary income which may be received during the pendency of the bankruptcy case**.  If any tax refunds, bonuses, stimulus payments, or other extraordinary income are received during the pendency of this case, **said receipts do not constitute projected disposable income and will not be submitted to the plan** unless, prior to confirmation of the plan, the Trustee or other party in interest demonstrates that the future tax refund, bonus, stimulus payment, or other extraordinary income is known or virtually certain.

(Modified Plan, ECF Doc. No. 18, at 3 (emphasis added).)  The issue before the

Court is whether tax refunds and other income received by Debtor over the course

of the Plan constitute projected disposable income that must be paid to the

Trustee.[1]

## THE PARTIES' ARGUMENTS

Debtor argues that language from <u>Hamilton v. Lanning</u>, and <u>In re Grier</u>,

establish that projected disposable income is derived only from funds that are

---

[1] Trustee additionally argues that Debtor is not committing all projected disposable income under the Plan because she has not committed $50.00 per month available as a result of the Payroll Tax Holiday for January and February of 2012.  Thus, Trustee contends payments under the plan should be $50.00 per month higher in each month that the Payroll Tax Holiday is extended.  The Court will not reach this issue as it finds that the language limiting projected disposable income makes the Plan non-confirmable.

"known or virtually certain."  Under this test, Debtor argues tax refunds are not

projected disposable income.  Debtor's counsel further argues that the case-by-case

analysis required by <u>Hamilton</u> is not the same as a year-by-year analysis.  Debtor

believes the test should be applied at confirmation — and not every year during the

plan.

Debtor argues the burden is on Trustee to show that there is income that is

"known or reasonably certain" that is not included in the plan at the time of

confirmation.  Debtor argues Schedules I and J — and attached pro forma future

tax returns — are completed to show little to no refund will be received.  Thus,

Debtor argues the refunds are not "known or virtually certain" income.  Debtor

contends the way this Plan — and others like it — is prepared, leaves only a small

minority of cases where Trustee will be able to receive the tax refund.  Debtor's

counsel argues under this analysis it is virtually certain that Debtor will file tax

returns, but unknown whether she will receive a refund, or in what amount.

Trustee argues tax refunds are projected disposable income if there is

evidence that refunds were received by Debtor in the past.  Trustee argues this

conclusion is consistent with <u>Hamilton</u> and <u>In re Grier</u>.  Trustee argues that without

such a rule debtors could manipulate their tax withholdings to keep refunds out of

reach of Trustee.  By increasing withholdings, Trustee points out debtors can

4

reduce disposable income payable to the plan, and then recover larger refunds for their own use.

Trustee argues her burden as objecting party is satisfied if Debtor has in the past received tax refunds. Trustee believes that if a refund is received during any year of the Plan, no matter the amount, it should be submitted to Trustee for distribution under the Plan. Trustee asserts it is Debtor's burden to show otherwise and Debtor has not satisfied that burden.

## CONCLUSIONS OF LAW AND DISCUSSION

Section 1325(b)(1) of the Bankruptcy Code provides:

> If the trustee or the holder of an allowed unsecured claim objects to the confirmation of the plan, then the court may not approve the plan unless, as of the effective date of the plan –
> (A)    The value of the property to be distributed under the plan on account of such claim is not less than the amount of such claim; or
> (B)    **The plan provides that all of the debtor's projected disposable income to be received in the applicable commitment period** beginning on the date that the first payment is due under the plan **will be applied to make payments to unsecured creditors under the plan.**

11 U.S.C. § 1325(b)(1) (emphasis added). Subsection (b)(2) defines "disposable income" within the section as:

> **Monthly income** received by the debtor . . . **less amounts reasonably necessary to be expended** –
> (A)(i) for the maintenance or support of the debtor or a dependent of the debtor, or for a domestic support obligation, that first becomes payable after the date the petition is filed; and
> (ii) for charitable contributions (that meet the definition of 'charitable contribution' under section 548(d)(3)) to a qualified religious or

charitable entity or organization (as defined in section 548(d)(4)) in an amount not to exceed 15 percent of gross income of the debtor for the year in which the contributions are made; and
(B) if the debtor is engaged in business, for the payment of expenditures necessary for the continuation, preservation, and operation of such business.

11 U.S.C. § 1325(b)(2) (emphasis added).  For purposes of this section, "current monthly income":

(A)    Means the average monthly income from all sources that the debtor receives (or in a joint case the debtor and the debtor's spouse receive) without regard for whether such income is taxable income, derived during the 6-month period ending on –
(i)    The last day of the calendar month immediately preceding the date of the commencement of the case if the debtor files the schedule of current income required by section 521(a)(1)(B)(ii); or
(ii)    The date on which current income is determined by the court for purposes of this title if the debtor does not file the schedule of current income required by section 521(a)(1)(B)(ii); and
(B)    Includes any amount paid by any entity other than the debtor (or in a joint case the debtor and debtor's spouse), on a regular basis for the household expenses of the debtor or the debtor's dependents (and in a joint case the debtor's spouse if not otherwise a dependent)
. . . .

11 U.S.C. § 101(10A).

While "disposable income" is defined by the Code, "projected disposable income," is not.  The Supreme Court in <u>Hamilton</u> granted certiorari to determine "how a bankruptcy court should calculate a debtor's 'projected disposable income.'"  130 S. Ct. at 2469.

6

The Code did not define the term 'projected disposable income,' and in most cases, bankruptcy courts used a mechanical approach in calculating projected disposable income. That is, they first multiplied monthly income by the number of months in the plan and then determined what portion of the result was 'excess' or 'disposable.' See 2 K. Lundin, Chapter 13 Bankruptcy § 164.1, p. 164-1, and n.4 (3d ed. 2000) (hereinafter Lundin (2000 ed.)) (citing cases).

Id.

Congress did not amend the term 'projected disposable income' in 2005, and pre-BAPCPA bankruptcy practice reflected a widely acknowledged and well-documented view that courts may take into account known or virtually certain **changes** to debtors' income or expenses when projecting disposable income. In light of this historical practice, we would expect that, had Congress intended for 'projected' to carry a specialized—and indeed, unusual—meaning in Chapter 13, Congress would have said so expressly.

Id. at 2473 – 74 (emphasis added).

The Court conducted a thorough analysis of the two approaches argued by the parties to determine projected disposable income. Petitioner advocated the "mechanical approach, [contending] that 'projected disposable income' means past average monthly disposable income multiplied by the number of months in a debtor's plan." Hamilton, 130 S. Ct. at 2471. Respondent, on the other hand, favored:

The forward-looking approach, [agreeing] that the method outlined by petitioner should be determinative in most cases, but arguing that **in exceptional cases**, where **significant changes in a debtor's financial circumstances** are known or virtually certain, a bankruptcy court has discretion to make an appropriate adjustment.

7

Id. (emphasis added).  Hamilton was on appeal from the Tenth Circuit, which held

the "forward-looking" approach was appropriate:

> [A] court, in calculating 'projected disposable income,' should begin
> with the 'presumption' that the figure yielded by the mechanical
> approach is correct, but . . . this **figure may be rebutted by evidence
> of a substantial change in the debtor's circumstances.**

Hamilton, 130 S. Ct. at 2471 (citing Hamilton v. Lanning, 545 F.3d 1269, 1270

(10th Cir. 2008)) (emphasis added).  The Supreme Court and Tenth Circuit

concluded the "forward looking" approach was appropriate.  Id.

This Court has reviewed the Hamilton decision in three prior cases: In re

Richter, No. 10-01260, 2010 WL 4272915 (Bankr. N.D. Iowa Oct. 22, 2010); In re

Moffet, 455 B.R. 718 (Bankr. N.D. Iowa 2011); and In re Grier, 464 B.R. 839

(Bankr. N.D. Iowa 2011) (decided in the same ruling with In re Anders, and

referred to by the parties as the Court's Grier/Anders' opinion).

This Court's first discussion of Hamilton was in October of 2010, in In re

Richter.  The issue before this Court was whether the case needed to be summarily

dismissed under § 109(g)(2).  This Court concluded that Chapter 13 bankruptcies

are inherently flexible and that the United States Supreme Court had consistently

interpreted the Bankruptcy Code with this purpose in mind.  The Court extensively

referenced the analysis of the Supreme Court in Hamilton as an example of

interpreting the Code to avoid illogical results.

8

In <u>Hamilton</u>, the Supreme Court addressed the method by which current monthly income should be calculated for purposes of determining projected disposable income under 11 U.S.C. § 1325. <u>Id.</u> at 2469. Petitioners in the case argued for a "mechanical approach" that unflinchingly applied the plain statutory language to every case, no matter the result. <u>Id.</u> at 2471. Respondents argued for a "forward looking" approach that could take into account the variables of each case. <u>Id.</u> Respondents acknowledged the "mechanical approach" would always be the starting point and would end up applying in most cases, but argued exceptional circumstances should be taken into account through the "forward looking" approach to make reasonable adjustments to the calculation. <u>Id.</u> The Supreme Court adopted Respondent's "forward looking approach." <u>Id.</u> at 2477 – 78. **The Court found the plain statutory language as written in § 1325 should be the starting point for each case, but allowed for a narrow exception to be considered in unusual cases.** <u>Id.</u> The Court found this would effectuate Congressional intent and avoid absurd results. <u>Id.</u>

In reaching its conclusion in <u>Hamilton</u>, the Supreme Court was persuaded by several important factors. The Court found that bankruptcy courts had traditionally retained some discretion to account for extraordinary circumstances that did not fit the general approach. <u>Id.</u> at 2472 – 73. The Court noted that this was "well-documented in contemporary bankruptcy treatises." <u>Id.</u> at 2473. (citing 8 Collier on Bankruptcy ¶ 1325.08[4][a], p. 1325 – 50 (15th ed. Rev. 2004) (stating that Courts should follow the literal language of the statute unless there are "changes which can be clearly foreseen."); 3 W. Norton, Bankruptcy Law and Practice § 75. 10, p. 64 (1991) (stating that courts should follow the mechanical approach, absent extraordinary circumstances)). The Court noted that this well-documented discretionary approach was known to Congress when it drafted the 2005 BAPCPA amendments to the Code, but Congress took no action to correct it or make clear that it should not be used. <u>Id.</u> at 2473 – 74.

The Supreme Court also found the arguments in favor of the "mechanical approach" to be unpersuasive. The Court specifically found "the mechanical approach would produce senseless results that we do not think Congress intended." <u>Id.</u> at 2475 – 76. The Court concluded "the Code does not insist upon rigid adherence to the mechanical approach in all cases . . . ." <u>Id.</u> at 2477. The Court in

> particular rejected suggestions that the debtor could simply delay the filing and avoid the problem altogether. <u>Id.</u> at 2476. The Court instead concluded that a **"forward looking" approach** that functioned as a **narrow exception** to the strict mechanical approach was an appropriate method for dealing with the issue.

<u>In re Richter</u>, 2010 WL 4272915, at *5 (emphasis added). This Court found that

<u>Hamilton</u> guided the analysis of the interpretation of § 109(g)(2), and thus rejected

"a strict mechanical approach to interpreting § 109(g)(2) because it 'would produce

senseless results [that this Court does] not think Congress intended.'" <u>Id.</u> (quoting

<u>Hamilton</u>, 130 S. Ct. at 2475 – 76).

    This Court further described the <u>Hamilton</u> holding as finding "the strict

**'mechanical' approach** to be the **starting point in each case**," but allowing "**a**

**narrow exception**, rooted in and crafted from the bankruptcy court's long-

established equitable discretion, for **exceptional cases** to avoid absurd or senseless

results." <u>In re Richter</u>, 2010 WL 4272915, at *7 (quoting <u>Hamilton</u>, 130 S. Ct. at

2471 – 75) (emphasis added).

    This Court next reviewed <u>Hamilton</u> in <u>In re Moffet</u>, 455 B.R. 718 (Bankr.

N.D. Iowa 2011). In <u>In re Moffet</u>, this Court stated:

> The Supreme Court has recently provided guidance on how, in reviewing Chapter 13 plans, to determine if some future expense or funding source is sufficiently established to remove it from the realm of speculation. The Supreme Court decided that a court may take into account anticipated **changes** in a debtor's financial condition "**that are known or virtually certain** at the time of confirmation" when determining "projected disposable income" under § 1325(b)(1)(B). <u>Hamilton</u>, 130 S. Ct. at 2467, 2478 (emphasis added). In <u>Hamilton</u>

the Supreme Court did not specifically address § 1325(b)(1)(A) or
whether anticipatory or expected income like tax returns might
constitute 'property of value.' It did, however, establish that 'known
or virtually certain' financial events may be considered when
contemplating projected disposable income. Id. The Supreme Court
noted that even the term **"projected" means something akin to
certain or very predictable, not just historically probable.** Id. at
2471 (highlighting that just because certain things happened in the
past doesn't mean they will happen again in the future). The Supreme
Court said "[w]hen pre-BAPCPA courts declined to make adjustments
based on possible changes in a debtor's future income or expenses,
they did so because the changes were **not sufficiently foreseeable** . . .
." Id. at 4 (highlighting Education Assistance Corp. v. Zellner, 827
F.2d 1222, 1226 (8th Cir. 1987) in which the Eighth Circuit affirmed
a bankruptcy court's decision to exclude future tax refunds and salary
increases from a projected disposable income calculation because
these amounts were highly speculative under the circumstances)
(emphasis added). At a minimum, the applicable standard is whether
the future tax return amounts contemplated by the Plan are 'known or
virtually certain' and not just possible because they occurred in the
past."

Id. at 723 – 24 (emphasis added).

In Moffet, the Court ultimately held that "a plan proposed under §

1325(b)(1) must either (A) contribute sufficiently foreseeable, non-speculative

amounts to satisfy all unsecured creditors' claims, or (B) contribute all of a

debtor's disposable income over the applicable commitment period." Id. at 726.

While discussing Hamilton and the effects of the speculative and uncertain nature

of tax refunds, the Court was not faced with the current issue.

The Court's most recent discussion of Hamilton was in In re Grier, 464 B.R.

839 (Bankr. N.D. Iowa 2011). In Grier, the same lawyers involved in this case

11

raised the appropriateness of an Acknowledgement Form that this district had

required the debtor to sign before a Chapter 13 plan could be confirmed.  The

Acknowledgment Form required debtors to "acknowledge" that all tax returns,

stimulus payments, and bonuses would be presumptively treated as projected

disposable income.  This Court addressed debtor's arguments as follows:

> While this case presents many difficult and interesting issues
> that stem from or are related to the Acknowledgement, the main
> issue—if not the sole issue—here is whether Debtors must sign and
> submit the Acknowledgement as a prerequisite to Plan confirmation.
> Debtors have specifically argued that the Acknowledgement
> improperly provides a per se rule requiring funds that are not
> projected disposable income to be turned over to Trustee.  The Court
> agrees with Debtors that the Acknowledgement improperly provides a
> per se rule requiring funds that are not projected disposable income to
> be turned over to Trustee.  The Court agrees with Debtors that the
> Acknowledgement language sweeps too broadly after Hamilton v.
> Lanning, and will no longer be required.
> . . . .
> "When a bankruptcy court calculates a debtor's projected
> disposable income, the court may account for changes in a debtor's
> income or expenses that are **known or virtually certain** at the time of
> confirmation."  Id. at 2478 (emphasis added).  Debtors argue that
> under Hamilton v. Lanning, a debtor's tax returns, stimulus rebates,
> bonuses, or other forms of income covered by the Acknowledgement
> cannot, as the Acknowledgement suggests, be presumptively treated
> as projected disposable income.  In sum, Debtors argue that these
> items do not constitute "changes in the debtor's income or expenses
> that are known or virtually certain at the time of confirmation."  See
> id. at 2478.  This Court agrees with Debtors on that narrow point.
> The "forward-looking" approach adopted by the Supreme Court
> allows courts to use the six-month look-back period for income and
> expenses specified in the statute and then adjust it for changes in
> income or expenses that are "known or virtually certain at the time of
> confirmation."  Id.  It is, by its very nature, a case-by-case approach to
> determining what constitutes projected disposable income.  The

Acknowledgement arguably establishes a per se rule or a presumption that is inconsistent with that case-by-case approach. The Acknowledgement appears to identify these tax refunds and related funds as presumptively being projected disposable income. Under Hamilton v. Lanning, such items or funds may only be treated as projected disposable income if they are "known or virtually certain at the time of confirmation." As such, the Acknowledgement will no longer be required as a prerequisite to confirmation.

Id. at 843 – 44.

While that disposed of the issue squarely before the Court, the ruling went on to address a related issue debtors argued — that under the recent rulings tax refunds would never be "projected disposable income" because they are never "known or virtually certain." Id. at 845 – 46. The trustee had argued in response that tax refunds are virtually always disposable income — Acknowledgment notwithstanding. The Court specifically addressed that issue to attempt "to provide clarity moving forward." Id. at 844.

The Court concludes that neither Trustee's nor the Debtors' arguments are entirely correct on this issue. As noted above, Hamilton v. Lanning establishes a case-by-case analysis that is not subject to the "always" or "never" projected disposable income conclusion the parties argue for here. **In some cases, tax refunds may constitute projected disposable income under the applicable test, and in some cases they may not.**

Id. The Court then went on to more specifically address why it rejected debtor's arguments about tax refunds never qualifying as projected disposable income:

The Court has discovered no case decided after Hamilton v. Lanning that adopts Debtors' argument that future tax refunds are never projected disposable income. In fact, the limited number of

13

cases addressing the issue since <u>Hamilton v. Lanning</u> appear to disagree with Debtors' position. <u>In re Skougard</u>, 438 B.R. 738, 741–42 (Bankr. D. Utah 2010) (concluding the tax refund income should be included in calculating projected disposable income); <u>In re Barbutes</u>, 436 B.R. 518, 529–30 (Bankr. M.D. Tenn. 2010) (any future tax refunds of debtor had to be considered as projected disposable income and dedicated to the plan).

Cases from the Eighth Circuit and this jurisdiction addressing these particular issues appear to be unaffected by <u>Hamilton v. Lanning</u>. In particular, the Eighth Circuit's decision in <u>Education Assistance Corp. v. Zellner</u>, 827 F.2d 1222 (8th Cir. 1987), specifically addressed these tax refund issues and was cited with approval in <u>Hamilton v. Lanning</u>. <u>See</u> 130 S. Ct. at 2470 n.4.

<u>Id.</u> at 845 – 46. This Court then pointed to the importance of the burden of proof in making this case-by-case determination:

In <u>Zellner</u>, the Eighth Circuit addressed an argument by a creditor objecting to the Chapter 13 plan for, among many other reasons, debtor not including his future tax refunds and salary increases in projected disposable income. <u>Id.</u> at 1226. The Eighth Circuit resolved that objection by turning to the burden of proof. <u>Id.</u> "The creditor objecting under § 1325(b) has, at a minimum, the initial burden of producing satisfactory evidence to support the contention that debtor is not paying all of its disposable income to the plan payments." <u>Id.</u> (quoted source omitted). The court found the creditor "presented no evidence to support its claim that [debtor] overestimated his expenses and provided insufficient evidence 'on the likelihood or amount of future raises or tax refunds.'" <u>Id.</u> The court concluded, on that particular evidentiary record, that the future raises or tax refunds were "speculative" and would not be included in the court's determination of projected disposable income. The court then left open the possibility of modification in the future if the creditor has proper supporting evidence or there is a substantial change in debtor's circumstances. <u>See</u> <u>id.</u>

In subsequent years, <u>Zellner</u> was cited and adopted in other cases (including cases in this District) addressing the future tax refund and future disposable income issues. The Ninth Circuit B.A.P. cited <u>Zellner</u> in discussing this exact issue. <u>In re Heath</u>, 182 B.R. 557, 561

14

(B.A.P. 9th Cir. 1995) (citing <u>Zellner</u> on the burden of a creditor to demonstrate that the tax refund would constitute projected disposable income when debtor is not paying it).  The Ninth Circuit B.A.P. then went on to provide the following method for handling issues of proof and the standards for establishing the proof required in this setting:

> It would not seem difficult for a Chapter 13 trustee to determine the debtor's potential for receiving a tax refund during plan years.  For example, demonstrating that in prior years the debtor has consistently received a tax refund under similar withholding practices and income levels, would be sufficient to shift the burden to the debtor to show that no tax refund is projected.  Such a showing would turn the speculative receipt of a tax refund into a predicted source of income, in compliance with Anderson.  The debtor would then have the ultimate burden to show that despite the receipt of refunds in prior years, circumstances during the plan make it unlikely that a refund will be received.   If the debtor is overwithholding, the Chapter 13 trustee may object to the plan on the grounds that the plan is not proposed in good faith under Section 1325(a)(3) and the debtor has not committed all disposable income to the plan as required by Section 1325(b)(1)(B).

<u>Heath</u>, 182 B.R. at 561 (cited sources omitted).  <u>Heath</u> relied heavily on <u>Anderson v. Satterlee (In re Anderson)</u>, 21 F.3d 355, 358 (9th Cir. 1994).

<u>Id.</u> at 846.

The case currently before the Court (and those like it awaiting confirmation) essentially raises a question of how exactly this burden of proof functions in treatment of future tax refunds.  Trustee has shown that in 2010, Debtor received a tax refund of $3,693.00.  (Trustee's Ex. A, at 2.)  Trustee has also shown that in 2009, Debtor received a tax refund of $3,060.00.  (Trustee's Ex. B, at 2.)  Debtor

submitted pro forma tax returns in order to estimate the future tax refunds over the course of the Plan. Debtor estimates that in 2012, Debtor's federal tax refund will be $1,485.00, and Debtor will owe $796.00 in state taxes. Debtor estimates a federal refund of $0.00 in 2013 and to owe $839.00 in state taxes. Debtor estimates that in 2012, Debtor will receive a federal refund of $958.00 and owe $796.00 in state taxes. The net amount over the three year period is $12.00.

Trustee argues that she has satisfied her burden (of showing Debtor has "consistently received a tax refund" under similar circumstances) and Debtor has not met her ultimate burden (of showing significant change of circumstances). Debtor has the opposite belief — that Trustee has failed her initial burden — and Debtor has satisfied her ultimate burden.

This Court agrees with Trustee. The Court believes clarification of how the burdens apply after Hamilton v. Lanning is useful here. The Court's recitation of the burdens in Grier came from pre-Hamilton cases. As noted in Richter, the mechanical approach remains the starting point in all cases, but the forward looking approach could serve as the "narrow exception [in] unusual cases." 2010 WL 4272915 at *5. The Court believes the starting point of the mechanical approach essentially equates with Trustee's initial burden. The Trustee may point back to the past to show that refunds have been received under similar income in the past. The burden would then shift to Debtor to show this is an unusual case.

16

Reference to the facts of this case clarifies how the burdens work in this

setting.  The language currently proposed by Debtor applies Hamilton's "known or

virtually certain" language to all Chapter 13 actions when, in fact, that language is

only necessarily employed in "unusual cases."  Those unusual cases arise in

circumstances that must be established by Debtor before the Court modifies the

standard approach to calculating "projected disposable income".

> [A] court taking the forward-looking approach should begin by
> calculating disposable income, and in most cases, nothing more is
> required.  It is **only in unusual cases that a court may go further**
> and take into account other known or virtually certain information
> about the debtor's future income or expenses.

Hamilton, 130 S. Ct. at 2475 (emphasis added).  The Court, therefore, only reaches

the "known or virtually certain" argument if the Debtor has offered evidence to

show that an unusual case has been presented.  As the Court stated in Grier, an

"always" or "never" label about whether tax refunds should be included as

projected disposable income is no longer appropriate.  The Court reiterates:  "In

some cases, tax refunds may constitute projected disposable income under the

applicable test, and in some cases they may not."  Grier, 464 B.R. at 844.

In the vast majority of cases, the Hamilton holding does not change the

court's analysis of a Chapter 13 plan.  Projected disposable income will be

determined by reviewing the debtor's income and expenses in the six months prior

to bankruptcy.  Unless a party offers evidence that an "unusual" case or

circumstance is present the analysis will end there.  The narrow ruling in <u>Grier</u> was

whether signing an "acknowledgement" was a prerequisite to Chapter 13 Plan

confirmation.  <u>Grier</u>, 464 B.R. at 841, 843 ("The sole issue before the Court is

whether Debtors must sign the Acknowledgement as a prerequisite to confirmation

of their Chapter 13 Plans.").  The ruling was no broader.

     The Court acknowledges that in <u>Grier</u> — in going beyond the specific issue

to provide clarity going forward — the Court may have made things, in fact, less

clear.  For example, this Court inaccurately stated in dicta that the Supreme Court

made clear in <u>Hamilton</u> that the test "is whether the future refund is, under the

record, known or virtually certain to occur."  464 B.R. at 847.  The Court made

that statement without proper context.  The proper context is that the Supreme

Court made clear — that after Trustee applies the mechanical portion of the test

and shows debtor has previously received tax refunds under similar circumstances

— debtor must show unusual circumstances and then (and only then) the question

becomes whether a refund or no refund is "known or virtually certain to occur."

     Under the properly established burdens of proof and standards, the Court

finds that Trustee's initial burden is satisfied by showing that Debtor previously

received tax refunds under similar income circumstances — essentially applying a

mechanical approach.  The Court also finds that Debtor must satisfy the ultimate

burden by showing "that despite the receipt of refunds in prior years" exceptional

18

circumstances that will occur during the Plan make it known or virtually certain

that a refund will or will not be received.  See In re Heath, 182 B.R. at 561.

Applying those burdens here, the Court finds for the Trustee.  The Trustee

has satisfied her burden by showing tax refunds have been received under similar

circumstances in previous years.  The Court finds that Debtor has failed her

ultimate burden of showing unusual circumstances that are "known or virtually

certain" to affect the application of the mechanical approach.

Debtor attempts to show "known or virtually certain" change by showing a

voluntary change in withholding patterns.  That voluntary change — shown on pro

forma future returns — is something that Debtor believes makes this the unusual

case where the known or virtually certain standard applies and shows she will not

net a return.  While the Court believes this thoughtful analysis and argument is

useful for both Debtor and Trustee to determine likely available income, the Court

does not believe this voluntary — if not manufactured — change in circumstances

is the "unusual" case the Supreme Court had in mind in Hamilton.

Hamilton adopted the "known or virtually certain" exception to the

mechanical approach to avoid absurd or unfair results.  It did not adopt the

standard to give debtors an additional bankruptcy/tax planning tool debtors could

voluntarily decide to use for their benefit or convenience.  The debtors remain free

to change withholding patterns to eliminate the amount of over-withholding like

Debtor has done here.  However, they are not able to immunize themselves from

paying over future refunds by voluntarily changing the withholding.

The language Debtor's counsel has proposed allows the exceptional case to

swallow the rule.  The "known or virtually certain" standard is not appropriate in

every case, and, in fact, should be used only in highly unusual cases.  See In re

Ragos, 466 B.R. 803, 808 (Bankr. E.D. La. 2011).

> In the great majority of cases, the forward-looking analysis begins and
> ends with the calculation of DI.  However, courts may go "further"
> and take into account other known or virtually certain changes in a
> debtor's future income.  The Supreme Court stated, "[i]n cases in
> which a debtor's disposable income during the 6-month look-back
> period is either substantially lower or higher than the debtor's
> disposable income during the plan period, the mechanical approach
> would produce senseless results that we do not think Congress
> intended."  Lanning, 130 S. Ct. at 2476.

Id.  Tax withholding adjustments are not identified by any source as one of the

unusual cases that may require the use of the "known or virtually certain" standard.

See W. Homer Drake, Paul W. Bonapfel, & Adam M. Goodman, Chapter 13

Practice and Procedure § 9F:21 Determination of changed circumstances and

calculation of projected disposable income under Hamilton v. Lanning (2012)

(identifying numerous unusual cases that may require adjustment under Hamilton)

(footnotes omitted).

Before <u>Hamilton</u>, tax refunds and other like income was included in projected disposable income and in the vast majority of cases after <u>Hamilton</u>, the Court believes that the same designation will remain.

> Tax refunds are the products of debtors' wages and are property of the estate under § 1306(a)(1) and (2) and are income under § 1325(b)(2). A majority of courts, including the Tenth Circuit Court of Appeals ("Tenth Circuit") in <u>In re Midkiff</u> have concluded that a debtor is required to contribute tax refund income to the plan because tax refunds are at the disposal of the taxpayer. This Court previously relied on <u>Midkiff</u> when deciding <u>In re Hughes</u>, which holds that "postpetition tax refunds are 'projected disposable income' and the postpetition portion of the Debtors' tax refunds must be paid into their plans."

<u>In re Skougard</u>, 438 B.R. 738, 740 – 41 (Bankr. D. Utah 2010). <u>Skougard</u> was decided after <u>Hamilton</u> and provides support for the Court's position that <u>Hamilton</u>, in the vast majority of cases, does not change the treatment of future tax refunds. "The Court can find no authority in the Bankruptcy Code or the Federal Rules of Bankruptcy Procedure which specifically exempts or allows the debtors to retain any tax refund for discretionary use. All tax refunds are projected disposable income and should be calculated into plan payments." <u>Id.</u> at 741. This Court adopts the same analysis.

      **WHEREFORE**, Trustee's objection to the Plan is **SUSTAINED**.  Debtor shall file an amended plan consistent with the above Ruling and rationale.

     Dated and Entered:

July 17, 2012

                                      _____

                               THAD J. COLLINS
                               CHIEF BANKRUPTCY JUDGE

22